FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
FLORIDA, ORLANDO DIVISION

PATRICIA LEE,

    Plaintiff,

Case No.: _____

vs.

6:16-CV-1184-40GJK

DAVID LANFORD and JAMES IACCHERI,

    Defendants.

_____/

## DEFENDANTS' NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

Defendants, David Lanford[1] and James Iaccheri (hereinafter collectively "Defendants"), by and through their undersigned attorneys, pursuant to the provisions of Title 28, USC §§1332, 1441 and 1446, hereby removes to the United States District Court for the Middle District of Florida, Orlando Division, an action currently pending in the Ninth Judicial Circuit in and for Orange County, Florida, captioned *Patricia Lee vs. David Lanford and James Iaccheri*, Case Number: 2016-CA-2495-O.  In support thereof, Amica would show:

    1.    Plaintiff commenced this action in the Circuit Court of Orange County, Florida on March 21, 2016.  The Summons and Complaint were served on Defendant Langford on April 16, 2016 in Winchester, TN (exhibit "A").  The Summons and Complaint were served on Defendant Iaccheri on April 25, 2016 in Murfreesboro TN (exhibit "B").  A copy of the Complaint is attached hereto as exhibit "C".  Defendants have responded to the Complaint with an Answer and Defenses, a copy of which is attached hereto as exhibit "D."

    2.    Other filings with the state court are:

---

[1] The correct name of the defendant is "David Langford."

1



    a. Along with the Summons and Complaint Plaintiff served on Defendants Interrogatories (exhibits "E" and "F"), Request to Produce (exhibits "G" and "H"), and Request for Admissions (exhibits "I" and "J"). Defendant Langford has already responded to the Request for Production and Request for Admissions as evidenced by exhibits "K" and "L."

    b. Defendant Langford's Motion for Extension of Time to Respond to Plaintiff's Interrogatories, dated May 31, 2016 (exhibit "M"). No hearing was held with respect to this motion.

    c. Defendant Iaccheri's Motion for Extension of Time to Respond to Plaintiff's Discovery, dated June 8, 2016 (exhibit "N"). No hearing was held with respect to this motion.[2]

    d. Defendant Langford's First Request for Admissions to Plaintiff, dated May 18, 2016 (exhibit "O").

    e. Plaintiff's Response to Langford's First Request for Admissions, dated June 7, 2016 (exhibit "P").

    3.    This action is being removed to the United States District Court, pursuant to 28 USC §1441, because it involves a dispute between citizens of different states in which the amount in controversy exceeds the value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. In the Complaint, the Plaintiff is seeking to recover money damages for personal injuries allegedly sustained as a result of a motor vehicle accident which is alleged to have occurred on January 27, 2016. It is

---

[2] Pursuant to Federal Rules of Procedure 26(d), discovery may not be sought until after the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f). Defendants are in possession of Plaintiff's discovery and will deem such discovery served as of the date of the scheduling meeting to be held pursuant to Federal Rule of Civil Procedure 26(f). Defendants will then timely respond to such discovery pursuant to the applicable Federal Rules of Civil Procedure.

alleged that as a result of the accident the Plaintiff has suffered "serious bodily injury" "in and around her body and extremities" consisting of "aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered loss of income in the past and will do so in the future; suffered loss for the capacity for the enjoyment of life; and/or incurred medical expenses for the care and treatment of her injuries." All of these damages and losses are alleged to be continuing or permanent in nature and the Plaintiff will suffer these loses in the future. Complaint at ¶¶ 7, 9, and 10. More specifically, Defendants understand that the Plaintiff's injuries allegedly sustained as a result of this accident consistent of traumatic brain injury sustained as a result of a stroke which occurred several days after the accident.

4.   28 USC §1332 provides that the United States District Courts shall have original jurisdiction when the matter in controversy exceeds or has a value of Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs and is between citizens of different states. The pleadings and the additional materials exchanged thus far and referenced above, copies of which are attached, demonstrate that these requirements have been met in the following respects:

   a. The Complaint alleges that the Plaintiff is "a resident of Polk County, Florida." Complaint at ¶2. Furthermore, in response to Defendant Langford's Request for Admissions Plaintiff admits that she is a citizen of the state of Florida.

   b. The Plaintiff has admitted that Defendant Langford is a citizen of the state of Tennessee (exhibit "P," ¶ 14 and 16). Defendant Langford is, in fact, a

3

resident and citizen of the state of Tennessee as evidenced by the fact he was served there with the Summons and Complaint.

c. The Plaintiff has admitted that Defendant Iaccheri is a citizen of the state of Tennessee (exhibit "P," ¶ 15 and 17). Defendant Iaccheri is, in fact, a resident and citizen of the state of Tennessee as evidenced by the fact he was served there with the Summons and Complaint.

d. Although the Plaintiff's Complaint is silent as to the specific dollar amount of the underlying claim it is undisputed, as indicated above, that in this action the Plaintiff is seeking to recover money damages for personal injuries allegedly sustained as a result of a motor vehicle accident which is alleged to have occurred on January 27, 2016. It is alleged that as a result of the accident the Plaintiff has suffered "serious bodily injury" "in and around her body and extremities" consisting of "aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered loss of income in the past and will do so in the future; suffered loss for the capacity for the enjoyment of life; and/or incurred medical expenses for the care and treatment of her injuries." All of these damages and losses are alleged to be continuing or permanent in nature and the Plaintiff will suffer these loses in the future. Complaint at ¶¶ 7, 9, and 10. More specifically, Defendants understand that the Plaintiff's injuries allegedly sustained as a result of this accident consistent of traumatic brain injury sustained as a result of a stroke which occurred several days after the accident.

e. Additionally, in Langford's First Request for Admissions served on May 18, 2016, among other things, the Plaintiff was asked to admit that "The matter in controversy in this litigation does not exceed the sum or value of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest." Rather than admit or deny the request as phrased, in a clear attempt to avoid making any commitment which she might later come to rue, and clearly in an attempt to keep open all of her options, chief of which is to avoid removal yet still be able to claim in state court damages in excess of $75,000, Plaintiff responded by stating:

> Plaintiff objects as overly broad in that it calls for a legal conclusion. See Perez v. Miami-Dade County, 297 F.3d 1255, 1261, n. 12 (11th Cir. 2002) (noting that discovery requests were stricken because they improperly called for legal conclusions); see also Pickens v. Equitable Life Assurance Soc'y, 413 F.2d 1390, 1393-94 (5th Cir. 1969) (stating that a discovery request as to a central fact in dispute is beyond the proper scope of discovery); In re Olympia Holding Corp., 189 B.R. 846, 853 (Bkrtcy. MD. Fla. 1995) (holding that a discovery request for a conclusion of law is improper); Davis v. Dollar Rent a Car System, 909 So. 2d 297,300 (Fla. 5th DCA 2004).
>
> Plaintiff further objects in that it is harassing and that this request may reasonably be interpreted to seek privileged attorney/client communications and/or work-product privileged information.
>
> Furthermore and notwithstanding the foregoing objections, Plaintiff is, at this time, unable to admit or deny that the damages in question are more than $75,000 as there as there is a factual dispute concerning the cause and amount of damages. For example, see Defendant's Answer to the Complaint. This factual dispute ultimately should be determined by a jury and is inappropriate for a request for admissions. See, e.g., Florida St'd Jury Instruction 6.2(a). It is noted that this case is in the early stages of discovery, and requiring a definite response would be improper (especially if the response will be considered binding and conclusive).

This feigned ignorance and inability to answer should be treated by this Court as an admission and confirmation that the minimum required jurisdictional amount is satisfied in this cause. Although standing alone a refusal to stipulate the actual amount of damages sought does not support jurisdiction,[3] this Court may properly consider Plaintiff's refusal as further evidence that the amount in controversy exceeds $75,000. *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009); *Diaz v. Big Lots Stores, Inc.*, 2010 U.S. Dist. Lexis 143285 (M.D. Fla. 2010).

In *Devore*, similar to what has occurred in this case, the removing defendant, prior to seeking removal, directed damages interrogatories to the plaintiff asking her to admit or deny that the damages sought would exceed the federal diversity jurisdiction threshold of $75,000. The plaintiff's response, similar to that of the Plaintiff in this cause, was that "she could not deny that claimed damages would exceed $75,000 because she intended to seek "the maximum amount of compensation which the jury may award based on the facts of her case." Within thirty (30) days of receiving this response, the defendant removed the matter. The plaintiff sought to have the action remanded for a number of reasons one of which was that the minimum amount in controversy element had not been established. The Court, citing *Morock v. Chautauqua Airlines, Inc.*, 2007 U.S. Dist. LEXIS 43133 (M.D. Fla. 2007), concluded that the plaintiff had "crafted [her] unclear, equivocal responses in a manner intended to circumvent the federal forum" and further indicated that it would "not countenance such gamesmanship."[4]

---

[3] *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001).
[4] The Court also noted that if the plaintiff "were sincere in her contention that the amount in controversy is not met, she could 'have submitted affidavits admitting that the claim was less than the jurisdictional amount...'" The Plaintiff has failed in this regard.

6

In *Morock v. Chautauqua Airlines, Inc.*, supra, the defendant, similar to these Defendants, served Request for Admissions to the plaintiff in an attempt to require the plaintiff to be specific regarding the claim. In response, the plaintiff denied that her claims did and did not exceed the sum of $75,000.01. The plaintiff also denied that her claims did and did not exceed the sum of $75,000.00. In denying the plaintiff's Motion to Remand, Judge Kovachevich wrote:

> The Court recognizes Plaintiff crafted its unclear, equivocal responses in a manner intended to circumvent the federal forum. ... However, this Court is persuaded that Plaintiff's "refusal to stipulate or admit that she is not seeking damages in excess of the requisite amount" should be considered. (Citations omitted.)

2007 Dist. Lexis 43133.

5. This Court has original jurisdiction of this action pursuant to 28 USC §1332 as it is a civil action in which the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) and is between citizens of different states. As a result, this action is properly removable to this Court pursuant to 28 USC §1441.

6. This Notice of Removal has been filed within the time frame specified by law pursuant to 28 USC §1446 (b)(3)(A). ). Specifically, within thirty (30) days of June 7, 2016, the date on which Defendants received the Plaintiff's Response to Defendant Langford's Request for Admissions and was first able to ascertain that this case is one which is or has become removable.

7. Promptly after the filing of this Notice of Removal, a true copy will be filed with the Clerk of the Circuit Court for Orange County, Florida.

8.  Written notice of filing this Notice of Removal has been given to the adverse party as required by law in 28 USC §1446 (b) (3).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on or about June  29th , 2016, the foregoing was filed with the Clerk of this Court. I also certify that the foregoing document is being served by electronic mail this day on counsel for the Plaintiff: Michael J. Lariosa, Esquire, Robert J. Fenstersheib & Associates, P.A., 520 West Hallandale Beach Boulevard, Hallandale Beach, FL 33009 (mlariosa@fenstersheib.com); (mjl-pleadings@fenstersheib.com).

P. Raúl Alvarez, Jr., Esquire
Florida Bar No. 775215
Brian D. Stokes, Esquire
Florida Bar No.: 436968
Alvarez, Winthrop, Thompson & Storey, P.A.
P.O. Box 3511
Orlando, FL 32802
Telephone No.: (407) 210-2796
Facsimile No.: (407) 210-2795
Attorneys for Defendant
Designated Email addresses:
pra@awtspa.com
kluick@awtspa.com
mquilez@awtspal.com
bdstokes@awtspa.com
srivas@awtspa.com
eservice@awtspa.com